```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

IN RE: LEONARD S. LYLE          BANKRUPTCY APPEAL

                                CIVIL ACTION NO. 04-12720-DPW
```

**BRIEF FOR DEFENDANT-APPELLEE**

**LEONARD S. LYLE**

```
              Thomas J. Raftery
              BBO# 410740
              Post Office Box 550
              Carlisle, MA 01741-0550
              (978) 369-4404
```

## **TABLE OF CONTENTS**

TABLE OF CASES . . . . . . . . . . . . . . . . . . . . . . . . 3

TABLE OF STATUTES CITED . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## **TABLE OF CASES**

*In re Burgess*, 955 F.2d at 136 . . . . . . . . . . . . . . . . . 5

*Palmacci v. Umpierrez*, 121 f.3d 781, 786 (1st Cir. 1997)  . 5, 6

*Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 704 (1975) . . . 8

*Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812  . . . . . . 8

*Fields v. Mans*, 516 U.S. 59, 70, 133 L.Ed. 2d 351, 116 S. Ct. 437 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gem Ravioli v. Creta, In re Creta*, 271 B.R. 214, 217 (BAP 1st 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 32 (1st Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*Nissho-Iwai Co., Ltd. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **TABLE OF STATUTES CITED**

11 U.S.C. § 523(a)(2)(a) . . . . . . . . . . . . . . . . . 5, 6, 9

**ARGUMENT**

Plaintiffs brought their action pursuant to 11 U.S.C. § 523(a)(2)(a). The Supreme Court has determined that section is to be interpreted according to the common understanding of the terms contained in that section at the time the statute was enacted. *Fields v. Mans, 516 U.S. 59, 70, 133 L.Ed. 2d 351, 116 S. Ct. 437 (1995).* "Under the traditional common law rule, a debtor will be liable for (1) a false representation, (2) made with fraudulent intent, i.e., with 'scienter,' (3) intended to induce the plaintiff to rely on the misrepresentation, and (4) the misrepresentation does induce reliance, (5) which is justifiable, and (6) which causes damage (pecuniary loss). 2 F. Harper, et al., Law of Torts § 7.1, at 381 (2d ed. 1986); Restatement (Second) of Torts § 525 (1977)." *Palmacci v. Umpierrez, 121 f.3d 781, 786 (1st Cir. 1997).* See also *McCrory v. Spigel (In re Spigel), 260 F.3d 27, 32 (1st Cir. 2001); Gem Ravioli v. Creta, In re Creta, 271 B.R. 214, 217 (BAP 1st 2002).*

In the case below the burden of proof was on the Plaintiffs. "The burden of proof and the burden of production as to each element rests with the party contesting the dischargeability of a particular debt under Bankruptcy Code § 523. See *In re Burgess, 955 F.2d at 136*." *Palmacci at 788.*

Having the burden of proof, it was then up to the Plaintiffs to produce a preponderance of the evidence. "The standard of

proof of each element of a § 523 claim is by a preponderance of the evidence. *Grogan, 498 U.S. at 291.*" *Palmacci at 788.* That simply means that upon all the evidence the facts asserted by the plaintiff are more probably true than false. *Nissho-Iwai Co., Ltd. v. M/T Stolt Lion, 719 F.2d 34, 38 (2d Cir. 1983).*

Assuming arguendo that Plaintiffs produced a preponderance of evidence on the first five elements, which in any event the Defendant would contest, Plaintiffs simply failed to produce any evidence as to damages.

1. <u>The Bankruptcy Court did not err when it concluded the Plaintiffs presented no evidence of damages</u>.

Plaintiffs say that there was testimony concerning Massachusetts General Laws, Chapter 142A. Plaintiffs say they wrote a letter alleging a violation of that statute. Plaintiffs' say they paid the Defendant a certain sum of money. Yet Plaintiffs simply failed to introduce any evidence whatsoever of damages. Without evidence of damages, Plaintiffs' failed the sixth element of proving that their claim against Defendant was not dischargeable under 11 U.S.C. § 523(a)(2). "In order to have the debt to it declared nondischargeable under section 523(a)(2)(A), a creditor must establish the following . . .[t]he reliance upon the false statement caused damage." *Gem Ravioli* at p. 217 citing *McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 32 (1st Cir. 2001). Plaintiffs' failed to meet their burden of proof

with respect to all the elements required.

    2. <u>Plaintiffs' complaint fails to state damages</u>.

Plaintiffs' complaint follows the same vein that Plaintiffs' pursued in the Bankruptcy Court. It states that the claim against the Defendant is not dischargeable because Defendant violated two chapters of the Massachusetts General Laws and the State Building Code. There is no claim for damages in the Complaint. (Exh. A1). According to *Palmacci* the elements to be proven by the Plaintiffs are quite clear and among those elements is proof of damages. Plaintiffs failed to allege and subsequently they simply failed to prove damages.

    3. <u>Plaintiffs' demand letter is insufficient proof of actual damages</u>.

"The demand letter serves a dual function. The first of these functions is to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct. This gives the addressee an opportunity to review the facts and the law involved to see if the requested relief should be granted or denied. See Rice, New Private Remedies, at 318. The second function of the letter is to operate as a control on the amount of damages which the complainant can ultimately recover if he proves his case. If the addressee makes a reasonable tender of settlement which is rejected by the complainant, the damages recoverable are limited to the amount of

the tender." *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 704 (1975).

The mere sending of the so-called 93A demand letter does not relieve the sender of the obligation to prove the case. The 93A demand letter simply puts the recipient on notice of a claim and the extent of the amount of damages that the sender may claim. The 93A letter does not relieve the sender of his burden of proof. "A demand letter listing the specific deceptive practices claimed is a prerequisite to suit and as a special element must be alleged and proved." *Entrialgo v. Twin City Dodge, Inc.*, 368 Mass. 812 citing *Slaney* 704-705.

The 93A demand letter did not relieve the Plaintiffs of their burden to prove their case. They failed to do so.

**CONCLUSION**

Six elements are required to prove a case of non-dischargeability under 11 U.S.C. § 523(a)(2)(a). The party with the burden of proof, in this case the Plaintiffs, must produce a preponderance of evidence with respect to each element. Even assuming that Plaintiffs met their burden on the first five elements, when it came to the sixth element, damages, they simply failed to introduce any evidence whatsoever. The judgment of the Bankruptcy Court in favor of the Defendant should be upheld.

Respectfully submitted,

/s/Thomas J. Raftery
Thomas J. Raftery
BBO#410740
Post Office Box 550
Carlisle, MA 01741-0550
(978) 369-4404

Dated: January 19, 2005