UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


IN RE LEONARD S. LYLE,            )
     Debtor.                      )
_____)
                                  )
ROBERT F. LUCAS, and RACHEL       )   CIVIL ACTION NO.
F. LUCAS,                         )   04-12720-DPW
                                  )
     Appellants,                  )
                                  )
          v.                      )
                                  )
LEONARD S. LYLE,                  )
                                  )
     Appellee.                    )
_____)


                        MEMORANDUM AND ORDER
                          March 8, 2005

     Appellants Robert F. Lucas and Rachel Lucas appeal a decision of the Bankruptcy Court finding a debt owed to them by Leonard S. Lyle, a Chapter 7 debtor and the appellee here, dischargeable.

     For the reasons stated below, I remand the action for further proceedings.

                                I.

     The Lucases hired Mr. Lyle to build a three-story addition to their home.  They claim that Mr. Lyle held himself out to them as a licensed contractor and that only after completion of the addition with a lack of proper workmanship did they become aware

of the fact that he was not so licensed.  Appellants claim they never would have entered into the contract if the appellee's lack of a license had been known to them.  Moreover, his lack of a license, they contend, excepts them from coverage by a state guarantee fund, causing them financial damage.

After appellee sought Chapter 7 bankruptcy protection, the appellants sought confirmation from the bankruptcy court that the debt owed to them by the appellee was non-dischargeable due to the appellee's misrepresentation about being licensed.  Mr. Lyle contested the Lucases recounting of events and, consequently, the bankruptcy court held a bench trial to resolve whether the debt was dischargeable.  After trial testimony from the parties and other witnesses, the bankruptcy court determined that the appellants failed to adduce any evidence of damage, a requirement for finding a debt dischargeable under the relevant statute.  That finding is the basis of the instant appeal.

## II.

The appellants brought their action in the bankruptcy court under 11 U.S.C. § 523(a)(2)(a), which provides that

> (a) A discharge . . . does not discharge an individual debtor from any debt --
>                          \*   \*   \*
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by --
>     (a) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or insider's financial condition . . . .

11 U.S.C. § 523(a)(2)(a).  The First Circuit, in <u>Palmacci v.</u>

<u>Umpierrez</u>, 121 F.3d 781 (1st Cir. 1997), found that,

> [u]nder the traditional common law rule, a debtor will be liable for (1) a false representation, (2) made with fraudulent intent, i.e., with 'scienter,' (3) intended to induce the plaintiff to rely on the misrepresentation, and (4) the misrepresentation does induce reliance, (5) which is justifiable, and (6) which causes damage (pecuniary loss).

<u>Id.</u> at 786.  The bankruptcy judge based his ruling for the appellee on appellants' failure to satisfy the final <u>Palmacci</u> requirement.

I need not determine, however, whether there was sufficient evidence of damages, because I find that the bankruptcy court led the appellants to believe during the hearing at least one, if not all, of the following: (1) that they had provided sufficient evidence of damages; (2) that, in any event, particularized evidence would not be necessary to succeed at that stage of the proceedings; and (3) that damages were not in dispute and, consequently, that the final <u>Palmacci</u> requirement had been met.

> During the trial, the following exchange occurred:
>
> [APELLANTS' COUNSEL]: Your Honor, please, just in order to cross all T's an[d] dot all I's, I have not dealt separately with the matter of damages here as a result of the defendant's fraud.  They are reflected in the 93(a) letter, which, of course, has already been admitted into evidence without objection.
> THE COURT: You're off the hook, anyway, because I have --
> [APPELLANTS' COUNSEL]: Because it's really not at issue.
> THE COURT: I have previously ruled that I don't give money judgments in dischargeability actions.  All I determine is whether a debt is dischargeable or not.
> [APPELLANTS' COUNSEL]: Fine.
> THE COURT: So how much is not an issue? [sic]
> [APPELLANTS' COUNSEL]: I just wanted to be sure that it was touched, Your Honor.
> THE COURT: Not a problem.

   [APPELLANTS' COUNSEL]: Plaintiffs rest, Your Honor.

(Tr., at 30-31.)  After the appellee completed putting on his case, the judge issued his ruling orally.  In conclusion, and after reviewing certain of the <u>Palmacci</u> requirements, the judge determined that he need not "decide whether there was a misrepresentation."  Moreover, he continued:

> I don't have to decide whether there was reliance of the type that would trigger 523(a)(2)(a) because in this case I have not one iota of evidence of damage.  I have zero evidence of damage, and when you have zero evidence of damage, the final element of the <u>Palmacci</u> test, that the reliance caused the damage[,] is not satisfied.

(<u>Id.</u> at 49.)

   Giving all due deference to the bankruptcy judge, it is difficult to reconcile the judge's statements to counsel regarding the damages element with his ultimate findings.  Here, the appellants specifically raised the issue and sought confirmation from the judge that no more would be required as to that element.[1]  From the trial transcript, it seems quite reasonable for appellants to have relied on the judge's statements in not pursuing the damages issue any further.  In fact, in light of the judge's statements, it arguably would have been unreasonable to have attempted to do so.

---

   [1] I note that the appellee did not object to the appellant's contention that damages were "really not at issue."  Moreover, appellee does not offer a contrasting interpretation of the bankruptcy judge's statements regarding the damages element, but rather contends that insufficient evidence of damages had been offered.

If the bankruptcy court determines that damages are in dispute, it is not clear whether appellants have additional evidence to offer on the question of damages.[2] In any event, the appellants -- due to the clear statements by the judge during the trial -- deserve the opportunity to submit additional evidence, if any, they may have and argue their damages case. That is, of course, only in the event damages are contested upon remand, which was not clearly the case at the time of the trial.

Of course, if the bankruptcy judge were to determine that one of the other Palmacci requirements has not been met, no such damages inquiry will be necessary. There is no reason to address the weight of evidence as it relates to these other requirements or to the ultimate damages resolution, beyond the discussion above, at this stage.

**Conclusion**

---

[2] It is worth noting that it is far from clear that sufficient evidence of damages has not already been adduced. While there may be a question about the amount of damages, a question the bankruptcy judge clearly stated was not before him at the dischargeability trial, it is not clear how it can be said that "not one iota" of damages was adduced in the pleadings, testimony, and documentary evidence produced in this case. If one were to accept (1) the appellants' contentions regarding defective workmanship done on their home by an unlicensed contractor they claim misrepresented his qualifications; (2) the uncontested evidence that they paid appellee a large sum of cash pursuant to the construction agreement; and (3) the undisputed testimony regarding appellants' resulting exclusion from the state guarantee fund, it is difficult to see how the final requirement of Palmacci would not be satisfied assuming causation were established.

For the foregoing reasons, the case is REMANDED for further proceedings consistent with this opinion.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE